# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lebowitz, Hillary

**DEFENDANTS**
Tacony Academy Charter School; Santilli & Thompson, LLC; Santilli, Gerald L.; Cruise, Shazyr L.

**(b)** County of Residence of First Listed Plaintiff **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Zarwin, Baum, DeVito, Kaplan, Schaer and Toddy, P.C.
Jill Fisher, Esq.; David F. McComb
1818 Market St., 13th Fl., Phila., PA 19103
(215) 569-2800

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983
Brief description of cause:
First Amendment (Retaliation & Conspiracy)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ In excess of $150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE January 19, 2010

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Hillary Lebowitz | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Tacony Academy Charter School, | : | |
| Santilli & thompson, LLC | : | NO. |
| Gerald Santilli and Stacy L. Cruise | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( x)

| | | |
|---|---|---|
| January 19, 2010 | Jill Fisher | Plaintiff Hillary Lebowitz |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-569-2800 | (267) 765-9674 | jfisher@zarwin.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ___2531 S. Hicks Street, Phila., PA 19145___

Address of Defendant: ___Tacony Academy Charter School, 1330 Rhawn St., Phila., PA 19111___ (over)

Place of Accident, Incident or Transaction: ___Philadelphia, PA___

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☐

**CIVIL:** (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, ___Jill Fisher___, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __1/19/2010__   ___Jill Fisher___   ___#50417___

_____Attorney-at-Law_____   _____Attorney I.D.#_____

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/19/2010__   ___Jill Fisher___   ___#50417___

_____Attorney-at-Law_____   _____Attorney I.D.#_____

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HILLARY LEBOWITZ<br>2531 S. Hicks Street,<br>Philadelphia, Pennsylvania 19145 | : | |
| Plaintiff | : | **COMPLAINT** |
| v. | : | **AND JURY DEMAND** |
| TACONY ACADEMY CHARTER SCHOOL<br>1330 Rhawn Street<br>Philadelphia, Pennsylvania 19111 | : | **CIVIL ACTION NO.:** |
| and | : | |
| SANTILLI & THOMPSON, LLC<br>13000 Lincoln Drive West, Suite 302<br>Marlton, New Jersey 08053 | : | |
| and | : | |
| GERALD L. SANTILLI, Individually<br>13000 Lincoln Drive West, Suite 302<br>Marlton, New Jersey 08053 | : | |
| and | : | |
| STACY L. CRUISE, Individually<br>1330 Rhawn Street<br>Philadelphia, Pennsylvania 19111 | : | |
| Defendants | : | |

## JURISDICTION and VENUE

Plaintiff, Hillary Lebowitz ("Lebowitz"), brings this action to redress her

unlawful termination of her employment by Defendants, and, in support thereof, avers as

follows:

1.    Jurisdiction of this Court arises under 42 U.S.C. §1983 and 28 U.S.C. §§ 1343(3) and 1367(a) (supplemental jurisdiction).

2.    Jurisdiction of this Court for the pendant claims is authorized by F.R. Civ. P.18(a) and arises under the doctrine of pendant jurisdiction set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

3.    Venue is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c).

### PARTIES

4.    Lebowitz, an adult resident of Philadelphia, Pennsylvania, brings this action to redress Defendants' conduct in conspiring to deprive her of her constitutional, statutory and common law rights when they terminated her employment with Defendant Tacony Academy Charter School ("Tacony") after she reported: (a) unlawful conduct on the part of Benjamin Randall ("Randall"), a "special education coordinator" at Tacony, which conduct Lebowitz reasonably believed placed a student at serious risk of physical and emotional harm; and (b) non-compliance with Individual Education Plans ("IEP") of special education students enrolled at Tacony, which Lebowitz reasonably believed was in violation of the Individuals with Disabilities Education Act ("IDEA").

5.    At all times material hereto, Lebowitz was a public employee under Pennsylvania's Charter School Law ("CSL"), 24 P.S. § 17-1702-A *et seq.*

6.    Defendant Tacony, a public, nonprofit corporation governed by a Board of Trustees, operates a charter school existing and operating under Pennsylvania's CSL from 1330 Rhawn Street, Philadelphia, Pennsylvania, 19111. The School District in which Tacony operates is the School District of Philadelphia.

7.     At all relevant times hereto, Defendant Tacony was a public employer acting by and through its directors, officers, trustees, board members, employees and/or agents, and was Lebowitz' employer.

8.     At all times relevant hereto, Defendant Tacony received funds, directly and/or indirectly, by or through the Commonwealth of Pennsylvania and/or a political subdivision authority, including the School District of Philadelphia.

9.     Defendant Santilli & Thompson, LLC (Santilli & Thompson"), with principal offices located at 13000 Lincoln Drive West, Suite 302. Marlton, New Jersey, 08053, is a for-profit corporation that provides financial and educational consulting services to, among other entities, charter schools in Philadelphia, Pennsylvania, including Defendant Tacony.

10.     At all relevant times hereto, Defendant Santilli & Thompson acted, by and through its directors, officers, trustees, board members, employees and/or agents, as an agent for Defendant Tacony and supervisor and/or employer of Lebowitz.

11.     Defendant Gerald L. Santilli ("Gerald Santilli"), the founder and head of Tacony and a Partner at Santilli & Thompson, was at all times relevant hereto, Lebowitz' supervisor and/or employer.

12.     At all times relevant hereto, Santilli was an advisor to and/or decision-maker of Tacony's Board of Trustees and conspired with other Defendants to unlawfully terminate Lebowitz' employment.

13.     Defendant Stacy L. Cruise ("Cruise"), Executive Director of Tacony, was at all times relevant hereto, Lebowitz' supervisor and/or employer and conspired with other Defendants to unlawfully terminate Lebowitz' employment.

## FACTS

14.     Plaintiff incorporates by reference paragraphs 1 through 13 of this Complaint as though fully set forth herein.

15.     On or about June 2, 2009, Lebowitz was hired by Santilli & Thompson and Tacony as a school social worker / counselor.

16.     Lebowitz' duties included, but were not limited to, crisis management, student programs and services, and participating as a member of students' IEP teams.

17.     In performing her duties, Lebowitz learned that Tacony had not completed required 30-day "change of place" notices for students receiving special education services.  The notices are sent to the parents of students receiving special education services.

18.     On or about September 30 or October 1, 2009, Lebowitz sent an email to Ashley Redfearn-Neswick ("Redfearn-Neswick"), Dean of Students and Lebowitz' direct supervisor at Tacony, advising her that the 30-day change of place notices had not been completed as required.

19.     In response to her email, the Principal and CEO of Tacony, Rene Garner ("Garner"), contacted Lebowitz, stating merely that Tacony was in full-compliance with the required change of place notices.

20.     Subsequent to and on the heels of reporting the above-referenced compliance issue, on or about October 14, 2009, Lebowitz observed Randall physically dragging and restraining a student on the floor in the school's hallway.

21.     Immediately following the above-described incident, Lebowitz reported to Redfearn-Neswick what she had observed Randall doing with the student.  Based on

information and belief, Redfearn-Neswick, in turn, reported Lebowitz' observations to Garner and to Cruise.

22.     Lebowitz reported the actions of Randall, as above-described, to Redfearn-Neswick because she reasonably believed that Randall 's conduct was intentional, improper, unsafe, prohibited by school and/or school district policy and violated Pennsylvania's Child Protective Services Law ("CPSL"), 23 Pa.C.S. Section 6301 *et seq*. in that it was committed with disregard of a substantial and unjustifiable risk of physical and emotional harm to the student.

23.     However, at no time following Lebowitz' report of Randall's conduct did Defendants report Randall's actions to any governmental department or authority, as required by the CPSL.

24.     In a meeting the next day, October 15, 2009, attended by, among others, Lebowitz, Garner and a lawyer representing Defendants Tacony and Santilli and Thompson, Lebowitz reiterated her belief that Tacony was not in compliance with the law regarding IEP's. Lebowitz was told, among other things, that that she "did not need to access IEP's," when in fact, she did. Lebowitz was also told (on that date or shortly thereafter) that Randall's conduct was not "reportable."

25.     In a meeting on October 20, 2009, during which Lebowitz thought she would be given the opportunity to discuss her concerns, Cruise told Lebowitz that she was "not a good fit."

26.     In a meeting with Cruise the next day, October 21, 2009, Cruise encouraged Lebowitz to sign a "severance" agreement, but told her whether she signed it or not, her last day of employment was October 23, 2009.

27.     Based upon information, observation and belief, Cruise and Gerald Santilli, in conspiracy with each other and other Defendants, were instrumental in the decision to terminate Lebowitz' employment and unduly influenced Tacony's Board of Directors to approve the termination.

28.     On or about November 6, 2009, Lebowitz received a Notice of Termination letter dated October 30, 2009 and a memorandum of suspension dated October 30, 2009, which stated, for the first time, that the reason for Lebowitz' termination was "unsuccessful completion of a probationary period."

28.     The reason given to Lebowitz by Defendants for her termination was not the real reason, but rather was a pretext and cover-up of the wrongdoing on the part of Randall, in part, in order not to jeopardize a significant funding source, and to protect themselves from potential lawsuits and civil penalties.

29.     Defendants Cruise and Gerald Santilli, and Defendants Tacony and Santilli and Thompson, by and through their directors, officers, trustees, board members, employees and/or agents, acted in concert with and reached an agreement with each other to terminate Lebowitz' employment, in furtherance of Defendants' policy, practice, and/or custom of covering up acts of wrongdoing, such as above-described, and/or retaliating against individuals who report such wrongdoing to avoid potential legal or other consequences, said actions causing economic and emotional harm to Lebowitz.

30.     Defendants' conduct was motivated by evil motive and/or intent and/or reckless and callous indifference to Lebowitz' federally and statutorily protected rights.

**COUNT I**
**42 U.S.C. SECTION 1983**
**VIOLATION OF PLAINTIFF'S FIRST AMENDMENT**
**RIGHT TO FREE SPEECH**

31.     Lebowitz incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32.     At all times relevant hereto, Lebowitz' placement in Defendant Tacony's Charter School was a governmental benefit and/or privilege, the deprivation of which triggers First Amendment scrutiny.

33.     At all times relevant hereto, the relationship between Defendants Tacony and Santilli and Thompson, contractual or otherwise, was sufficiently close that the conduct of both Defendants, acting by and through their directors, officers, trustees, officials, agents and/or employees, including Defendants Cruise and Gerald Santilli, acting within the scope of their employment, deprived Lebowitz of her constitutional rights.

34.     At all times relevant hereto, Defendant Santilli and Thompson, by and through its directors, officers, trustees, officials, agents and/or employees, including Defendant Gerald Santilli, was clothed with and, in conspiracy with Defendant Tacony, by and through its directors, officers, trustees, officials, agents and/or employees, including Defendants Gerald Santilli, acted under the color and authority of state law in that Defendants exercised coercive power and/or provided significant encouragement to each other so that Defendants actions are fairly attributable to the State.

35.     At all times relevant hereto, Defendants acted in accordance with their policy, practice and/or custom and/or ratified, by silence or otherwise, the

unconstitutional acts of their subordinates, which directly caused constitutional harm to Lebowitz.

36.     At all times relevant hereto, Lebowitz engaged in speech that was protected under the First Amendment of the United States Constitution as the speech involved matters of significant public concern, to wit, the physical and emotional safety and well-being of public school children and a public charter school's compliance with federal and state laws that protect public school children.

37.     Lebowitz' interest in her protected speech outweighs any countervailing interest on the part of Defendants, collectively and/or individually, in the effective or efficient operations of their businesses and/or institutions.

38.     The protected speech was a substantial and/or motivating factor in Lebowitz being terminated from her employment, which was retaliatory in nature and constituted an adverse employment action and a deliberate indifference to the constitutional rights of the Lebowitz.

39.     As a result of the retaliatory acts by the Defendants as above-described, Lebowitz has been denied constitutionally and statutorily protected rights and has suffered economic and emotional damages.

**WHEREFORE,** Lebowitz respectfully requests this Court enter judgment in her favor and against Defendants, jointly and/or severally, as follows:

a.  For compensatory damages, including but not limited to back pay, front pay, actual damages, damages for personal humiliation, harm to reputation, pain and suffering and emotional distress and mental anguish;

b.  For injunctive relief in the form of reinstatement;

c.  For punitive damages;

d.  For the costs of suit, reasonable attorneys' fees and interest;

e.  For such other legal or equitable relief as this Court may deem just and proper.

### COUNT II
### 42 U.S.C. SECTION 1983
### FIRST AMENDEMENT RETALIATION AND CONSPIRACY CLAIMS

40.     Lebowitz incorporates by reference paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.     Lebowitz was engaged in protected activity under the First Amendment to the United States Constitution, as above-described.

42.     Acting under color of state law, Defendants conspired to and did deprive Lebowitz, in furtherance of the conspiracy, of her rights, privileges and/or immunities secured by the United States Constitution and laws by discharging her from her employment in retaliation for her reporting: (a) the above-described act of wrongdoing on the part of Randall, said report being of suspected child abuse under Pennsylvania's Child Protective Services Law (CPSL"), 23 Pa. C. S. Section 630 *et seq.*; and (b) her reasonable belief that Defendants were not in compliance with the IDEA with respect to students' IEP's.

43.     Defendants engaged in a conspiratorial, intentional cover-up of the wrongdoing on the part of Randall and the non-compliance issues reported by Lebowitz in that the Defendants concealed and suppressed the true facts surrounding the reported instances of wrongdoing to protect themselves, in part, from potential lawsuits and civil penalties.

44.     Defendants participated in the cover-up also to avoid losing a significant funding source.

45.     There is a causal link between Lebowitz' protected activity and her termination, which constituted an adverse employment action, and which was pretextual and retaliatory in nature.

46.     The protected activity was a substantial and/or motivating factor in Lebowitz' termination.

47.     As a result of the conspiracy and retaliatory acts by Defendants, Lebowitz has been denied constitutionally and statutorily protected rights and has suffered economic and emotional damages.

**WHEREFORE,** Lebowitz respectfully requests this Court enter judgment in her favor and against Defendants, jointly and/or severally, as follows:

a.  For compensatory damages, including but not limited to back pay, front pay, actual damages, damages for personal humiliation, harm to reputation, pain and suffering and emotional distress and mental anguish;

b.  For injunctive relief in the form of reinstatement;

c.  For punitive damages (except against Defendant Tacony);

d.  For the costs of suit, reasonable attorney's fees and interest;

e.  For such other legal or equitable relief as this Court may deem just and proper.

### COUNT III
### VIOLATION OF PENNSYLVANIA WHISTLEBLOWER LAW
### (43 P.S. Section 1421 *et seq.*)

48.     Lebowitz incorporates by reference paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49.     At all times relevant hereto, Defendant Tacony was a public body under the Whistleblower Law because it received funds by or through the Commonwealth and/or a political subdivision authority.

50.     At all times relevant hereto, Defendants Tacony and Santilli and

Thompson, by and through their directors, trustees, officers, employees and/or agents,

and Defendants Cruise and Gerald Santilli, were employers under the Whistleblower Law

because they supervised Lebowitz.

51.     At all times relevant hereto, Lebowitz was an employee under the

Whistleblower Law, 43 P.S. Section 1421 *et seq.*, because she performed services for

wages under a contract of hire for a public body.

52.     The actions and/or inactions on the part of the Defendants, as above-

described, constitute wrongdoing under the Whistleblower Law, in particular, but not

limited to, a violation of the CPSL and the IDEA.

53.     The actions on the part of the Defendants, as above-described, violated the

Whistleblower Law because they presented substantial and significant danger to the

public health and/or safety, and were likely to cause imminent risk of physical and/or

emotional harm, in particular, to the students who were under the care and supervision of

Defendants.

54.     Lebowitz' discharge from her employment in retaliation for making a

good faith report of suspected child abuse in accordance with the CPSL and for reporting

non-compliance with IEP's constitutes a violation of the Whistleblower Act.

55.     As a result of the retaliatory acts by the Defendants, Lebowitz has

suffered economic and emotional damages.

**WHEREFORE,** Lebowitz respectfully requests this Court enter judgment in her

favor and against Defendants, jointly and/or severally, as follows:

   a. For compensatory damages, including but not limited to back pay, front pay,
      actual damages, damages for personal humiliation, harm to reputation, pain and

suffering and emotional distress and mental anguish;

b.   For the costs of suit, reasonable attorneys' fees and interest;

c.   For applicable civil fines under the Whistleblower Law;

d.   For such other legal or equitable relief as this Court may deem just and proper.

## COUNT IV
## VIOLATION OF PENNSYLVANIA CHILD PROTECTIVE SERVICES LAW
### (23 Pa.C.S. Section 6301 *et seq.*)

56.     Lebowitz incorporates by reference paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57.     At all times relevant hereto, Lebowitz was a "school employee" as defined under the CPSL, acting in the course and scope of her duties as an employee of Defendants.

58.     At all times relevant hereto, Lebowitz was a mandated reporter under the CPSL who made a good faith report of an incident of suspected child abuse observed by her in the hallway of the school.

59.     Defendants, after receiving the above-referenced report from Lebowitz, failed in their duties, responsibilities and legal obligations under the CPSL to report or cause a report to be made to a department or authority in accordance with the CPSL.

60.     Lebowitz' discharge from her employment in retaliation for making a good faith report of suspected child abuse constitutes a violation of the CPSL and resulted in economic and emotional damages.

**WHEREFORE,** Lebowitz respectfully requests this Court enter judgment in her favor and against Defendants, jointly and/or severally, as follows:

a. For compensatory damages, including but not limited to back pay, front pay, actual damages, damages for personal humiliation, harm to reputation, pain and suffering and emotional distress and mental anguish;

b. For punitive damages (except against Defendant Tacony);

c. For the costs of suit, reasonable attorneys' fees and interest;

d. For such other legal or equitable relief as this Court may deem just and proper.

## COUNT V
## COMMON LAW CIVIL CONSPIRACY

61.   Lebowitz incorporates by reference paragraphs 1 through 60 of this Complaint as though fully set forth herein as though fully set forth herein.

62.   At all times relevant hereto, Defendants acted with a common purpose to do an unlawful act, or a lawful act by unlawful means, to wit, terminating Lebowitz in retaliation for her reports of wrongdoing on the part of Defendants.

63.   At all times relevant hereto, Defendants acted with evil motive and an intent to injure Lebowitz without legal justification.

64.   Defendants' acts were done in pursuance of a common purpose or design and resulted in legal damages to the Lebowitz.

**WHEREFORE,** Lebowitz respectfully requests this Court enter judgment in her favor and against Defendants, jointly and/or severally, as follows:

a. For compensatory damages, including but not limited to back pay, front pay, actual damages, damages for personal humiliation, harm to reputation, pain and suffering and emotional distress and mental anguish;

b. For punitive damages (except against Defendant Tacony);

c. For the costs of suit, reasonable attorneys' fees and interest;

d. For such other legal or equitable relief as this Court may deem just and proper.

**ZARWIN, BAUM, DeVITO, KAPLAN,**
**SCHAER & TODDY, P.C.**


By: Jill Fisher, Esquire
By: David F. McComb, Esquire

1818 Market Street, 13th Floor
Philadelphia, PA  19103
Ph: (215) 569-2800
Fx: (215) 569-1606
*Attorneys for Plaintiff Hillary Lebowitz*


Date: _1/19/2010_

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

| | |
|---|---|
| Hillary Lebowitz <br> _____ <br> *Plaintiff* <br> v. <br> Tacony Academy Charter School, <br> Santilli & Thompson, LLC, <br> Gerald L. Santilli and Stacy L. Cruise <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

    Tacony Academy Charter School
    1330 Rhawn St.
    Phila., PA 19111

        A lawsuit has been filed against you.

        Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                *Michael E. Kunz*
                                *Clerk of Court*

Date: _____          _____
                                       *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Tacony Academy Charter School

was received by me on *(date)* _____ .

□  I personally served the summons on the individual at *(place)* _____

_____  on *(date)* _____ ; or

□  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____  on *(date)* _____ ; or

□  I returned the summons unexecuted because _____ ; or

□  Other *(specify)*: _____


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Hillary Lebowitz<br><br>_____<br>*Plaintiff*<br>v.<br>Tacony Academy Charter School,<br>Santilli & Thompson, LLC,<br>Gerald L. Santilli and Stacy L. Cruise<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Santilli & Thompson, LLC
13000 Lincoln Drive West, Suite 302
Marlton, NJ 08053

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Santilli & Thompson, LLC

was received by me on *(date)*

❒ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| Hillary Lebowitz<br><br>_____<br>*Plaintiff*<br>v.<br>Tacony Academy Charter School,<br>Santilli & Thompson, LLC,<br>Gerald L. Santilli and Stacy L. Cruise<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Gerald L. Santilli
13000 Lincoln Drive West, Suite 302
Marlton, NJ 08053

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Michael E. Kunz
Clerk of Court

Date: _____        _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Gerald L. Santilli

was received by me on *(date)*                                        .

❑ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

| | |
|---|---|
| Hillary Lebowitz _____ <br><br> *Plaintiff* <br><br> Tacony Academy Charter School, <br> Santilli & Thompson, LLC, <br> Gerald L. Santilli and Stacy L. Cruise <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Stacy L. Cruise
1330 Rhawn Street
Phila., PA 19111

    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____          _____

                                                     *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*  Stacy L. Cruise

was received by me on *(date)*

❒  I personally served the summons on the individual at *(place)*

_____  on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____  on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Santilli & Thompson, LLC
13000 Lincoln Drive West, Suite 302
Marlton, New Jersey 08053

and

Gerald L. Santilli,
13000 Lincoln Drive West, Suite 302
Marlton, New Jersey 08053

and

Stacy L. Cruise
1330 Rhawn Street
Philadelphia, PA 19111