# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILLARY LEBOWITZ, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 10-00233 |
| : | |
| TACONY ACADEMY CHARTER : | |
| SCHOOL, et al., : | |
| : | |
| Defendants. : | |

## ORDER

AND NOW, this _____ day of _____ 2010, upon consideration of Defendant Santilli & Thompson LLC's and Gerald L. Santilli's Motion to Dismiss the Complaint and plaintiff's response thereto, it is hereby ORDERED that the motion is denied.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILLARY LEBOWITZ, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 10-00233 |
| TACONY ACADEMY CHARTER SCHOOL, et al., | : |
| Defendants | : |

**PLAINTIFF'S RESPONSE TO MOTION OF DEFENDANTS
SANTILLI & THOMPSON LLC AND GERALD L. SANTILLI
TO DISMISS THE COMPLAINT**

Plaintiff, Hillary Lebowitz, ("Lebowitz"), opposes the Motion to Dismiss the Complaint of Defendants Santilli & Thompson LLC and Gerald L. Thompson for the reasons set forth in the accompanying memorandum of law.

Respectfully submitted,

ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.

_____
Jill Fisher, Esquire
David F. McComb, Esquire

1818 Market Street, 13th Floor
Philadelphia, PA  19103
Ph: (215) 569-2800
Fx: (215) 569-1606
*Attorneys for Plaintiff Hillary Lebowitz*

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILLARY LEBOWITZ, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 10-00233 |
| : | |
| TACONY ACADEMY CHARTER : | |
| SCHOOL, et al., : | |
| : | |
| Defendants : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
MOTION OF DEFENDANTS SANTILLI & THOMPSON AND
GERALD L. SANTILLI TO DISMISS THE COMPLAINT**

### I. INTRODUCTION

Plaintiff, Hillary Lebowitz ("Lebowitz"), has averred in her complaint that she was fired from her position with Tacony Academy Charter School ("Tacony") because she reported to her supervisors the physical abuse of a student by a professional staff member of Tacony. After reporting the abuse she witnessed, Defendants fired her, under the guise that she "wasn't a good fit."

Defendants have now moved the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss several claims set forth of Lebowitz's complaint. It is clear, however, that Defendants' arguments do not support dismissal of Lebowitz's claims at the pleading stage.

Under the now familiar standard set out by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007), in order to survive a defendant's 12(b)(6) motion, the plaintiff's complaint must plead enough facts to make it "plausible" that the plaintiff is entitled to relief with a reasonable expectation that discovery will reveal

evidence to substantiate the legal elements of the claims asserted. A complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, it is required only to raise a right to relief above the speculative level, on the assumption that the allegations in the complaint are true. *Id.* at 1964-65 (citations omitted). In making this determination, a court must accept all well-pleaded facts in the complaint as true and view the allegations in a light most favorable to the plaintiff. *Maio v. Aetna, Inc. et al.*, 221 F.3d 472, 482 (3d Cir. 2000).

Applying the *Twombly* standard here, it is readily apparent that the well-pleaded facts of the complaint adequately demonstrate the plausibility of Lebowitz's entitlement to relief on all counts of her complaint.

## II.   DISCUSSION

### A.   Factual Allegations of the Complaint.

Lebowitz set out the following factual averments in her complaint pertaining to her First Amendment, whistleblower and civil conspiracy claims.

At the beginning of the 2009 school year, Lebowitz learned that Tacony had not completed required 30-day "change of place" notices sent to parents of students receiving special education services. (Complaint, ¶17). About September 30 or October 1, 2009, she sent an email to Ashley Redfearn-Neswick ("Redfearn-Neswick"), Dean of Students and her direct supervisor at Tacony, advising her that the 30-day change of place notices had not been completed as required. (Complaint, ¶18.) "In response to her email, the Principal and CEO of Tacony, Rene Garner ("Garner"), contacted Lebowitz, stating merely that Tacony was in full-compliance with the required change of place notices. (Complaint, ¶19.)

Subsequent to and on the heels of reporting the above-referenced compliance issue, on or about October 14, 2009, Lebowitz observed Benjamin Randall, a special education coordinator at Tacony, physically dragging and restraining a student on the floor in the school's hallway. (Complaint, ¶20.) Lebowitz immediately reported to Redfearn-Neswick what she had observed Randall doing with the student. Based on information and belief, Redfearn-Neswick, in turn, reported Lebowitz' observations to Garner and Stacey L. Cruise, Executive Director of Tacony ("Cruise"). (Complaint, ¶21.) Lebowitz reported Randall's physical assault on the student to Redfearn-Neswick because she reasonably believed that Randall's conduct was intentional, improper, unsafe, prohibited by school and/or school district policy and violated, among other laws, regulations, or codes, Pennsylvania's Child Protective Services Law ("CPSL"), 23 Pa.C.S. Section 6301 *et seq.* in that it was committed with disregard of a substantial and unjustifiable risk of physical and emotional harm to the student. (Complaint, ¶22.)

According to the complaint, at no time following Lebowitz' report of Randall's conduct did Defendants report Randall's actions to any governmental department or authority, as required by the CPSL. (Complaint, ¶23.) In a meeting the next day, October 15, 2009, attended by, among others, Lebowitz, Garner and a lawyer representing Defendants Tacony and Santilli and Thompson, Lebowitz reiterated her belief that Tacony was not in compliance with the law regarding a student's Individual Education Plan ("IEP"). Lebowitz was told, among other things, that that she did not need to access IEP's, when in fact, she did. Lebowitz was also told (on that date or shortly thereafter) that Randall's conduct was not "reportable." (Complaint, ¶24.)

In a meeting on October 20, 2009, during which Lebowitz thought she would be given the opportunity to discuss her concerns, Cruise told Lebowitz that she was "not a good fit." (Complaint, ¶25.)  The next day, October 21, 2009, Cruise encouraged Lebowitz to sign a severance agreement that had already been prepared, but told her whether she signed it or not, her last day of employment was October 23, 2009. (Complaint, ¶26.)

Lebowitz asserts in her complaint that, based upon information, observation and belief, Cruise and Gerald Santilli, in conspiracy with each other and other Defendants, were instrumental in the decision to terminate her employment and unduly influenced Tacony's Board of Directors to approve the termination. (Complaint, ¶27.) On November 6, 2009, Lebowitz received a Notice of Termination letter dated October 30, 2009 and a memorandum of suspension dated October 30, 2009, which stated, for the first time, that the reason for Lebowitz' termination was "unsuccessful completion of a probationary period." (Complaint, ¶28.) Lebowitz asserts further that the reason given to her for her termination was not the real reason, but rather was a pretext and cover-up of the wrongdoing on the part of Randall, in part, in order not to jeopardize a significant funding source, and to protect themselves from potential lawsuits and civil penalties. (Complaint, ¶28.)

Lebowitz avers in her complaint that Defendants Cruise and Gerald Santilli, and Defendants Tacony and Santilli and Thompson, acted in concert with and reached an agreement with each other to terminate Lebowitz' employment, in furtherance of Defendants' policy, practice, and/or custom of covering up acts of wrongdoing and/or retaliating against individuals who report such wrongdoing to avoid potential legal or other consequences. (Complaint, ¶29.) Lebowitz avers that Defendants' conduct was motivated

by evil motive and/or intent and/or reckless and callous indifference to her federally and statutorily protected rights. (Complaint, ¶30.)

### B. Plaintiff Has Sufficiently Pled a First Amendment Free Speech Claim in Count I and a First Amendment Retaliation Claim in Count II.

Defendants contend that Lebowitz's First Amendment Free Speech claim in Count I should be dismissed because Lebowitz alleges "that at all times, she was acting within the scope of her public employment, not as a private citizen." (Defendants' Brief, p. 5.)

First, this statement is incorrect. Lebowitz avers in her complaint, at paragraph 5, that, at all relevant times, she <u>was</u> a public employee, not that at all times she <u>acted</u> in her capacity as a public employee. Furthermore, nowhere in paragraphs 20 through 22 (which set forth the details of her witnessing a Tacony staff member physically mishandling a student and her reporting of the incident) does Lebowitz state that she reported the witnessed child abuse in her capacity as a public employee. [1]

Moreover, the fact that Lebowitz avers that she was a public employee in and of itself does not defeat her First Amendment claim since a public employee can speak as a citizen. A public employee's statement is protected by the First Amendment when, "(1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee differently from any other member of the general as a result of the

---

[1] It is Lebowitz's position, for purposes of this Memorandum of Law, that her reporting the untimeliness of the change of placement notices was a violation of a law, regulation and/or code. Whether or not change of placement notices were part of her job responsibilities is an issue to be flushed out during discovery. Therefore, and because the averments regarding Lebowitz's good faith reporting of suspected child abuse, on their own, are sufficient to withstand dismissal at this stage, this response to Defendants' Motion to Dismiss will focus on the reporting of the child abuse.

statement he made." *Hill*, 455 F.3d at 241 (*quoting Garcetti v. Ceballos,* 547 U.S. 410, 418, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006).[2]

With regard to the first factor, i.e., speaking as a citizen, the fact that Lebowitz, like any other individual working in a school in any capacity, even in the office or cafeteria, is mandated under the CPSA to report suspected child abuse does not translate to mean that she was not speaking as a citizen when, as she was walking down the hallway, not engaging in any activity for which she was hired, she observed and reported Randall's physical mistreatment of a student.[3] It truly would be anomalous if mandated reporters of child abuse, those most likely to be in a position to observe it, could be silenced by their employer for having done so. Such a position is directly contrary to the CPSA and the policy repeatedly expressed in various federal and state whistleblower provisions, including Pennsylvania's Whistleblower Law, 43 Pa. C.S.A § 1421 et seq. (the "Whistleblower Law"), which afford protection against losing one's job for reporting wrongdoing.

*Reilly v. City of Atlantic City*, 532 F.3d 216 (3d Cir. 2008), is instructive in this case. In *Reilly*, an Atlantic City police officer testified for the government in a police corruption trial and subsequently was disciplined. The Third Circuit noted that Reilly's obligation to speak truthfully arose out of his duty as a citizen, and thus such speech was afforded First Amendment protection:

> T]he action of offering truthful testimony is the responsibility
> of every citizen, and the First Amendment protection
> associated with fulfilling that duty of citizenship is not vitiated

---

[2] In *Hill*, the Third Circuit reversed the district court's dismissal of the First Amendment claims pursuant to Rule 12(b)(6), noting that the record did not permit a determination of whether certain of Hill's complaints were a matter of public concern and whether the Borough of Kutztown had an adequate justification for treating Hill's complaints differently had they been made by a member of the general public. 455 F.3d at 242-43. The court held "[t]hat determination must be made after an examination of 'the content, form, and context of [the] statement, as revealed by the whole record.'" [citations omitted].

> by one's status as a public employee. That an employee's official responsibilities provided the initial impetus to appear in court is immaterial to his/her independent obligation as a citizen to testify truthfully. When a government employee testifies truthfully, s/he is not "simply performing his or her job duties," rather, the employee is acting as a citizen and is bound by the dictates of the court and the rules of evidence.

*Reilly*, 532 F.3d at 231. See also *Karchnak v. Swatara Township*, 2009 WL 2139280 (M.D. Pa 2009) ("Even if an employee's official responsibilities compel him to appear in court, testimony under oath, is the sort of conduct performed by citizens and protected by the First Amendment.") [4]

Like Reilly and Karchnak, Lebowitz's independent obligations, one as a citizen and the other as a mandated reporter of child abuse, do not strip her speech of First Amendment protection.

Similarly, Defendants' argument that the First Amendment retaliation claim in Count II should be dismissed is without merit. To establish a First Amendment retaliation claim, a plaintiff must plead that her activity is protected by the First Amendment and that the protected activity was a substantial factor in the retaliatory action. *Gorum*, 561 F.3d at 184; *Hill*, 455 F.3d at 241. The first factor is a question of law; the second factor is a question of fact. *Id.* If these two elements are satisfied, the burden shifts to the defendants to demonstrate that the same action would occur if the speech had not occurred. *Green v. Phila. Hous. Auth.*, 105 F.3d 882, 885 (3d Cir.1997).

---

[4] Defendants rely on *Skrutski v. Marut*, 455 F.3d 225 (3d Cir. 2006). The facts in the instant case differ, however. The complaints made by the plaintiff in *Skrutski* all related to his performance as a supervisor in the Pennsylvania State Police Force and were made solely in his employment capacity and within the police force's chain of command. In the instant case, although Lebowitz was a mandated reporter under the CPSA (like all persons who come in contact with children because they are working in a school), her actual job duties as a social worker did not include reporting child abuse (unlike Strutski, whose duties as a supervisor required him to report wrongdoing of those he supervised).

For all of the reasons set forth above in Section II. B., Lebowitz clearly has sufficiently pled that her activity (speech) was protected by the First Amendment.

Furthermore, given the proximity of the two events, there can be no doubt that Lebowitz more than adequately pled that her reporting of the suspected child abuse was a substantial factor in the retaliatory action, i.e., her termination.[5] For purposes of Rule 12(b)(6), Lebowitz has made more than a "plausible" showing of the connection between her October 14, 2009 reporting of the Randall assault and her meetings with Defendants on October 20, 2010 and October 21, 2010, when she was told that she was "not a good fit," was encouraged to sign a severance agreement, and told her last day of employment would be October 23, 2010.

Thus, the averments of in Count II of Lebowitz's complaint are more than sufficient to state a claim for First Amendment retaliation both substantively and under the pleading requirements of *Twombly*.

### C.  Plaintiff Has Sufficiently Pled a First Amendment Conspiracy Claims in Count II.

Defend ants' argue that Count II of Lebowitz's complaint fails to state a claim under the First Amendment for conspiracy. Specifically, Defendants argue that Lebowitz's "conclusory allegations are insufficient to state a conspiracy claim." This argument is without merit.

To allege a conspiracy, a party must make specific factual allegations of a combination, agreement or understanding among all or between any of the Defendants to

---

[5] Lebowitz avers that there was a causal link between her protected activity and her termination, which constituted an adverse employment action, and which was pretextual and retaliatory in nature. She avers that the protected activity was a substantial and/or motivating factor in her termination and that, as a result of the conspiracy and retaliatory acts by Defendants, she has been denied constitutionally and statutorily protected rights. (Complaint, ¶¶45-47.)

8

plot, plan, or conspire to carry out the alleged chain of events. *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989).

Paragraphs 17 through 28 of the complaint provide more than adequate factual specificity as to (1) the period of the conspiracy; (2) the object of the conspiracy; (3) the overt acts taken in furtherance of the conspiracy; and (4) the action taken by each co-conspirator in furtherance of the conspiracy (i.e., meetings amongst the Defendants to plot the termination of Lebowitz's employment). Moreover, in paragraph 29 of the complaint, Lebowitz avers that [all] Defendants acted in concert with and reached an agreement with each other to terminate Lebowitz' employment, in furtherance of Defendants' policy, practice, and/or custom of covering up acts of wrongdoing and to avoid potential legal or other consequences.

These averments clearly are sufficient pled to withstand dismissal of the First Amendment conspiracy claim in Count II. Certainly, Defendants did not include Lebowitz as a participant in their plot to terminate her employment. Through discovery, however, Lebowitz is likely to learn more specific details regarding the claimed conspiracy. [6]

### D. Plaintiff Has Sufficiently Pled a Claim Under Pennsylvania's Whistleblower Act in Count III.

Defendants argue that Count III of Lebowitz's complaint (Violation of Pennsylvania's Whistleblower Law) fails to state a claim because Defendants do not fall

---

[6] Defendants' argument that they are not state actors fails also. In *Melo v. Hafer*, 912 F.2d 628, 638 (3d Cir. 1990), the court held that private parties acting in a conspiracy with a state official to deprive others of constitutional rights are also acting 'under color' of state law." (quoting Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) (*Melo* rejecting defendant's argument that private parties can be viewed as acting under color of state law only when state or municipal officials substituted the judgment of private parties for their own judgment). Furthermore, under *Victory Outreach Center v. Melso*, 371 F. Supp. 642, 646 (E.D. Pa 2004), to establish that a private actor is acting under color of state law, plaintiffs must show that there is such a "close nexus between the State and the challenged action" that seemingly private behavior "may be fairly treated as that of the State itself." Lebowitz has sufficiently pled a close nexus between these Defendants and Tacony and Stacey Cruise.

within the definition of a "public body" or "employer" under the Whistleblower Law. As above, this argument lacks merit as well.

An "employer" is defined under the Whistleblower Law as "[A] person supervising one or more employees, including the employee in question; a superior of that supervisor; or *an agent of a public body.*" 43 P.S. §1422 (emphasis added). Here the complaint alleges that "[A]t all relevant times hereto, Defendant Santill & Thompson acted, by and through its directors, officers, trustees, board members, employees and/or agents, as an agent for defendant Tacony and supervisor and/or employer of Lebowitz. (Complaint, ¶10.) Further, the complaint asserts that "Defendant Gerald L. Santilli (Gerald Santilli"), the founder and head of Tacony and a Partner at Santilli & Thompson, was at all times relevant hereto, Lebowitz's supervisor and/or employer." (Complaint, ¶11.)

That Tacony is a public body is indisputable. That these Defendants are agents of a public body, and supervisors / employers of Lebowtiz, is sufficiently pled in the complaint. Should Defendants wish to develop the record to show they do not fit within the Whistleblower Law's definition of an employer, they are free to do so in discovery.

### E. Plaintiff Has Sufficiently Pled a Violation of Pennsylvania's Child Protective Services Law in Count IV.

Defendants' sole argument for dismissal of Count IV (Violation of the Child Protective Services Law) is that Lebowitz did not report the suspected abuse to these Defendants. A plausible reading of the complaint shows that this argument is meritless.

Lebowitz pled in her complaint that she made reports of the abuse to defendants, and, by virtue of the close nexus between Defendants Santilli & Thompson, Gerald Santilli, Tacony and Stacey Cruise, both sets of defendants conspired to terminate her employment in retaliation for her reporting the abuse. (Complaint, ¶¶ 29 and 34.)

Thus, Lebowitz has sufficiently pled a claim against moving Defendants for

violations of the CPSL.

### F. Plaintiff Has Sufficiently Pled a Claim For Civil Conspiracy Count V.

Defendants' final argument, that Count V of the complaint fails to state a civil conspiracy claim, is duplicative of their arguments regarding the First Amendment conspiracy claims in Count II. Defendants' argument that Lebowitz does not identify any defendant by name or recite any supporting narrative facts, again, is specious. Lebowitz clearly has averred with appropriate specificity the necessary elements of the civil conspiracy claims against each defendant. *See* Fed. R. Civ. P. 8 (d)(2) (party may set out two or more statements of claim alternatively); *Brown v. Vlamet-Appleton,* 77 F.3d 860, 863 n.10 (5th Cir. 1996)(an acceptable reading of the pleadings alleges that each defendant engaged in the tortious conduct therein described).

### III. CONCLUSION

Each count of Lebowitz's complaint adequately states a cause of action for purposes of defeating a Rule 12 (b)(6) motion. Accordingly, Lebowitz respectfully requests that Defendants' motion to dismiss be denied.

Respectfully submitted,

ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.

_____
Jill Fisher, Esquire
David F. McComb, Esquire

1818 Market Street, 13th Floor
Philadelphia, PA  19103

11

Ph: (215) 569-2800
Fax: (215) 569-1606
*Attorneys for Plaintiff Hillary Lebowitz*