**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HILLARY LEBOWITZ | : Civil Action No: 10-00233 |
| | : |
| v. | : |
| | : |
| TACONY ACADEMY CHARTER SCHOOL, | : |
| SANTILLI & THOMPSON, LLC, GERALD L. | : |
| SANTILLI AND STACEY L. CRUISE | : |

## ORDER

AND NOW, this            day of                     , 2010, upon consideration of the Defendants Tacony Academy Charter School and Stacey L. Cruise's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and any Response and Reply thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **GRANTED** and Counts I, II, III and V of the Complaint are **DISMISSED** with prejudice.

BY THE COURT:

_____
J.

26/1474272.v1

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** John P. Gonzales, Esquire
ID# 71265
620 Freedom Business Center, Suite 300
King of Prussia, PA  19406
(610) 354-8264

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HILLARY LEBOWITZ | : Civil Action No: 10-00233 |
|  | : |
| v. | : |
|  | : |
| TACONY ACADEMY CHARTER SCHOOL, | : |
| SANTILLI & THOMPSON, LLC, GERALD L. | : |
| SANTILLI AND STACEY L. CRUISE | : |

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS TACONY ACADEMY CHARTER SCHOOL AND STACEY L. CRUISE'S PARTIAL MOTION TO DISMISS**

Defendants, Tacony Academy Charter School and Stacey L. Cruise, by and through their undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin, and John P. Gonzales, Esquire, file this Reply to Plaintiff's Response to Defendants' Partial Motion to Dismiss and aver:

**I.     BACKGROUND[1]**

Defendants hereby incorporate the background set forth in Defendants' original Motion to Dismiss.

**II.    ALLEGATIONS CONTAINED IN PLAINTIFF'S COMPLAINT**

Defendants hereby incorporate the allegations set forth in Defendants' original Motion to Dismiss.

1

**III.     STANDARD OF REVIEW**

Defendants hereby incorporate the standard of review set forth in Defendants' original Motion to Dismiss.

**IV.     ARGUMENT**

    **A.     Plaintiff Has No Viable Claim Under the First Amendment**

        **1.   Plaintiff's Complaint Clearly Asserts Her Complaints Were Made as a Public Employee**

Plaintiff's response claims that she was speaking as a private citizen when she made an internal complaint to school officials about Benjamin Randall's alleged conduct, while at the same time asserting she was a mandated reporter under the CPSL and that she deserves protection as a public employee under the Pennsylvania Whistleblower Law.  Plaintiff attempts to argue that she was acting as a private citizen because she allegedly observed the conduct while she was walking down the hallway of the school "not engaging in any activity for which she was hired."  Plaintiff further asserts that it would be anomalous if mandated reporters, who are most likely to be in a position to observe child abuse, could be silenced for doing so.

Plaintiff's response is both disingenuous and confuses the issues regarding First Amendment protection and state law protections.  It is clear that Plaintiff's Complaint asserts that she allegedly observed conduct, regarding Benjamin Randall and change of place notices, in the course of and in connection with her employment.  It is clear that she seeks protection for reporting the conduct as a public employee under the CPSL and the Whistleblower Law.  Nothing in her Complaint supports a claim that she was speaking as a private citizen when she made internal reports to school officials only.

---

[1] Defendants note that their original motion to dismiss did not have dozens of typographical errors as claimed in the Plaintiff's response.  It appears Plaintiff's counsel experienced a printing error causing a formatting problem, although these errors were not present in the Motion filed on the Court's docket.

2

According to the facts plead in the Complaint, Plaintiff's reports regarding change of place notices under the IDEA and alleged conduct by Benjamin Randall, which she claims served as the basis for her termination, were made as part of her official duties as a school employee and Counselor. As such, Plaintiff has failed to plead any speech that was protected under the First Amendment and Plaintiff's claims under the First Amendment in Counts I and II must be dismissed with prejudice.

### 2. Reilly and Karchnak Address Sworn Testimony and These Cases are Inapposite to This Matter

Plaintiff relies on Reilly and Karchnak, arguing that Plaintiff's duties to report alleged child abuse arose both in her role as a private citizen and a mandated reporter under the CPSL. Defendants deny that these cases are on point or controlling to the matter at hand as they specifically address sworn testimony in court, not internal reports to school officials.

The case of Reilly v. City of Atlantic City, 532 F.3d 216 (3rd Cir. 2008) addressed the issue of whether sworn testimony to a tribunal was protected speech under the First Amendment, although the Plaintiff police officer's testimony was regarding an investigation he participated in as part of his official duties. The holding of the Reilly decision is limited to sworn testimony and the reasoning supporting the holding was that every citizen has an obligation to provide truthful testimony without undue pressure, to protect the integrity of the judicial process. Its holding should not be extended to include internal reports or complaints made as part of an employee's official duties.

Appellee Robert Reilly, a former Atlantic City police officer, filed suit against the Director of Public Safety Robert Flipping and the Chief of Police Arthur Snellbaker, asserting that they retaliated against him for his participation, including trial testimony, in an investigation conducted jointly by state and local police. Id. at 219. In the late 1980s and early 1990s, Reilly

was involved in several investigations that targeted Flipping or individuals close to him, including Dennis Munoz, for corruption in the Atlantic City Police Department. Id. at 220. The investigation was conducted by the state police with the assistance of personnel in the Atlantic City Police Department. Id. Reilly was called to testify as a witness for the prosecution in the resulting trial against Munoz. Flipping was aware that Reilly was involved in the Munoz case and he may have heard Reilly's testimony at the trial. Id. The claimed retaliation included the formal recommendation by Defendants that Reilly be demoted from his position as sergeant and be suspended for ninety days, despite the recommendation of an independent hearing officer following an investigation that Reilly serve only a four-day suspension for violating police department regulations. Id. Reilly accepted Flipping's offer that he retire as a sergeant instead of being disciplined. Id. Reilly then filed suit claiming that Appellants' actions violated his First Amendment free speech rights and his Fourteenth Amendment right to procedural due process. Id.

 The Court acknowledged that Reilly's participation in the investigation was part of his official duties as a police officer. Id. at 231. The sole basis for deciding his speech, which was sworn testimony at a trial, was protected speech was that "[t]he duty to testify has long been recognized as a basic obligation that *every citizen* owes his Government." Id.; quoting United States v. Calandra, 414 U.S. 338, 345 (1974) (emphasis added in Reilly). "The citizen's obligation to offer truthful testimony in court is necessary to protect the integrity of the judicial process and to insulate that process from outside pressure." Reilly, 532 F.3d at 231; (citing Green v. Philadelphia Hous. Auth., 105 F.3d 882, 887 (3d Cir. Pa. 1997) ("The utility of uninhibited testimony and the integrity of the judicial process would be damaged if we were to permit unchecked retaliation for . . . truthful testimony at such proceedings."); *cf.* Nixon, 418 U.S. at

709 ("The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts.")). The Reilly Court went on to state that:

> Thus, the act of offering truthful testimony is the responsibility of every citizen, and the First Amendment protection associated with fulfilling that duty of citizenship is not vitiated by one's status as a public employee. That an employee's official responsibilities provided the initial impetus to appear in court is immaterial to his/her independent obligation as a citizen to testify truthfully. When a government employee testifies truthfully, s/he is not "simply performing his or her job duties," Garcetti, 547 U.S. at 423; rather, the employee is acting as a citizen and is bound by the dictates of the court and the rules of evidence. Ensuring that truthful testimony is protected by the First Amendment promotes "the individual and societal interests" served when citizens play their vital role in the judicial process. Id. at 420. Thus, the principles discussed in *Garcetti* support the need to protect truthful testimony in court.

Reilly, 532 F.3d at 231.

In this matter, Plaintiff has made no claim that she was subpoenaed or compelled to provide sworn testimony to a governmental body or a tribunal regarding the alleged abuse or change of place notices. Plaintiff merely asserts that she reported these issues internally to school officials. The holding in Reilly is inapposite to the matter at hand and Plaintiff's reliance on the case is misplaced. For the same reasons, the Karchnak case is also inapplicable to this matter.

### B. Plaintiff Has No Viable Conspiracy Claim Under Federal or State Law

Defendants incorporate the arguments set forth in their original Motion to Dismiss. As Plaintiff cannot establish the underlying First Amendment claims, the conspiracy claim under 42 U.S.C. 1983 fails as a matter of law. Moreover, Plaintiff's vague and conclusory allegations of a conspiracy are insufficient to state a viable cause of action for conspiracy under federal or state law.

Plaintiff's Complaint fails to adequately and specifically allege the existence of a conspiracy to which Stacey Cruise or any employee of Tacony Academy Charter School was a party. Plaintiff accuses Defendants of engaging in a conspiracy to violate her civil rights, but provides no specific allegations identifying with particularity the period of the alleged conspiracy, the object of the alleged conspiracy, or certain specific actions taken by Stacey Cruise or any employee of Tacony Academy Charter School taken to achieve the purpose of the alleged conspiracy.  The conspiracy claims in the Complaint are woefully inadequate, as a matter of law, and the conspiracy claim under Count II must be dismissed.

### C. Count III of the Complaint Should Be Dismissed Because There Exists No Valid Claim Under the PA Whistleblower Act

Defendants incorporate the arguments set forth in their original Motion to Dismiss. As noted therein, under the Whistleblower Law, an alleged violation of a federal or state statute, which is "merely technical or minimal," is not "wrongdoing."  Plaintiff's alleged claims, as stated in the Complaint, assert, at best, merely technical or minimal violations of a federal statute, which do not rise to the level of wrongdoing.  The allegations also fail to rise to the level of "waste," as defined in the Whistleblower Law and Plaintiff's Complaint makes no allegations to support a claim of waste as defined under the Whistleblower Law.

Based on the foregoing, Plaintiff's Complaint fails to plead a cause of action for violation of the Pennsylvania Whistleblower Act and this claim must be dismissed with prejudice.

WHEREFORE, Defendants, respectfully request this Honorable Court grant their Motion to Dismiss and dismiss Counts I, II, III and V with prejudice.

                                          MARSHALL, DENNEHEY, WARNER,
                                          COLEMAN & GOGGIN


BY:    s/John P. Gonzales
         JOHN P. GONZALES, ESQUIRE
         ID#  PA71265
         620 Freedom Business Center, Suite 300
         King of Prussia, PA 19406
         (610) 354-8264 Fax (610) 354-8299
         Email:  jpgonzales@mdwcg.com
         Attorney for Defendants

DATE:  April 12, 2010

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** John P. Gonzales, Esquire
ID#  71265
620 Freedom Business Center, Suite 300
King of Prussia, PA   19406
(610) 354-8264

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILLARY LEBOWITZ | : Civil Action No: 10-00233 |
| v. | : |
| TACONY ACADEMY CHARTER SCHOOL, SANTILLI & THOMPSON, LLC, GERALD L. SANTILLI AND STACEY L. CRUISE | : |

### CERTIFICATE OF SERVICE

I, JOHN P. GONZALES, ESQUIRE, do hereby certify that a true and correct copy of Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss was electronically filed with the Court on April 12, 2010 and is available for viewing and downloading from the ECF System. All counsel of record was served via electronic notification.

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**

BY:  s/John P. Gonzales
JOHN P. GONZALES, ESQUIRE
ID#  PA71265
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406
(610) 354-8264 Fax (610) 354-8299
Email:  jpgonzales@mdwcg.com
Attorney for Defendants