IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILLARY LEBOWITZ<br>2531 S. Hicks Street,<br>Philadelphia, Pennsylvania 19145 | : <br> : <br> : <br> : |
| Plaintiff | : **AMENDED COMPLAINT** |
| | : |
| v. | : **AND JURY DEMAND** |
| | : |
| TACONY ACADEMY CHARTER SCHOOL<br>1330 Rhawn Street<br>Philadelphia, Pennsylvania 19111 | : **CIVIL ACTION NO.: 10-233** |
| and | : |
| SANTILLI & THOMPSON, LLC<br>13000 Lincoln Drive West, Suite 302<br>Marlton, New Jersey 08053 | : |
| and | : |
| GERALD L. SANTILLI, Individually<br>13000 Lincoln Drive West, Suite 302<br>Marlton, New Jersey 08053 | : |
| and | : |
| STACY L. CRUISE, Individually<br>1330 Rhawn Street<br>Philadelphia, Pennsylvania 19111 | : |
| Defendants | : |

## JURISDICTION and VENUE

Plaintiff, Hillary Lebowitz ("Lebowitz"), brings this action to redress the unlawful termination of her employment by Defendants, and, in support thereof, avers as follows:

1. Jurisdiction of this Court arises under 42 U.S.C. §1983 and 28 U.S.C. §§ 1343(3) and 1367(a) (supplemental jurisdiction).

2. Jurisdiction of this Court for the pendant claims is authorized by F.R. Civ. P.18(a) and arises under the doctrine of pendant jurisdiction set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

3. Venue is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## PARTIES

4. Lebowitz, an adult resident of Philadelphia, Pennsylvania, brings this action to redress Defendants' conduct in conspiring to deprive her of her constitutional, statutory and common law rights when they terminated her employment with Defendant Tacony Academy Charter School ("Tacony") after she reported misconduct on the part of Benjamin Randell ("Randell"), a "special education coordinator" at Tacony.

5. At all times material hereto, Lebowitz was a public employee under Pennsylvania's Charter School Law ("CSL"), 24 P.S. § 17-1702-A *et seq*. The School Reform Commission ("SRC") of the School District of Philadelphia, acting through its Charter School Office conducts a comprehensive five-year review of academic, financial, program and operations factors for each charter school before making recommendations to the SRC for charter renewals. Among the factors reviewed by the Charter School Office for renewals of charter schools are those relating to the health and safety are the students in the particular charter school.

6. Defendant Tacony, a public, nonprofit corporation governed by a Board of Trustees, operates a charter school existing and operating under Pennsylvania's CSL

from 1330 Rhawn Street, Philadelphia, Pennsylvania, 19111. The School District in which Tacony operates is the School District of Philadelphia.

7. At all relevant times hereto, Defendant Tacony was a public employer acting by and through its directors, officers, trustees, board members, employees and/or agents, including but not limited to Defendants Stacy L. Cruise ("Cruise"), Santilli & Thompson, LLC ("Santilli & Thompson") and Gerald L. Santilli ("Gerald Santilli"), and was Lebowitz' employer.

8. At all times relevant hereto, Defendant Tacony received funds, directly and/or indirectly, by or through the Commonwealth of Pennsylvania and/or a political subdivision authority, including the School District of Philadelphia.

9. Defendant Santilli & Thompson, with principal offices located at 13000 Lincoln Drive West, Suite 302. Marlton, New Jersey, 08053, is a for-profit corporation that provides financial and educational services to, among other entities, charter schools in Philadelphia, Pennsylvania, including Defendant Tacony.

10. At all relevant times hereto, Defendant Santilli & Thompson acted by and through its directors, officers, trustees, board members, employees and/or agents, including but not limited to Defendant Gerald Santilli, as an agent for Defendant Tacony and supervisor and/or employer of Lebowitz.

11. Defendant Gerald Santilli, the founder of Tacony and a partner at Santilli & Thompson, was, at all times relevant hereto, an agent of Tacony and, because of the close nexus with Defendant Tacony, Lebowitz' supervisor and/or employer. Defendant Gerald Santilli hired Defendant Cruise to be the Executive Director and Ombudsman of the school and was instrumental in the hiring of Lebowitz and formulating her job

responsibilities. Defendant Gerald Santilli, in talking to Lebowitz, referred to Tacony as "my vision, my school."

12. At all times relevant hereto, Defendant Santilli & Thompson, by and through Defendant Gerald Santilli and others, and Defendant Gerald Santilli were advisors to and/or decision-makers of Tacony's Board of Trustees and conspired with the Defendants Tacony and Cruise to unlawfully terminate Lebowitz' employment.

13. Defendant Cruise, Executive Director or Ombudsman of Tacony, was at all times relevant hereto Lebowitz' supervisor and/or employer and conspired with the other Defendants to unlawfully terminate Lebowitz' employment.

14. At all times relevant hereto, the relationship between Defendants Tacony and Santilli & Thompson, contractual or otherwise, was sufficiently close that the conduct of both Defendants, acting by and through their directors, officers, trustees, officials, agents and/or employees, including Defendants Cruise and Gerald Santilli, deprived Lebowitz of her constitutional rights.

15. At all times relevant hereto, Defendant Santilli & Thompson, by and through its directors, officers, trustees, officials, agents and/or employees, including Defendant Gerald Santilli, was clothed with and, in conspiracy with Defendants Tacony and Cruise, and acted under the color and authority of state law in that Defendants exercised coercive power and/or provided significant encouragement to each other so that all Defendants actions are fairly attributable to the State.

## FACTS

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17. On or about June 2, 2009, Lebowitz was hired by defendants Santilli & Thompson and Tacony as a school social worker / counselor. Prior to her being hired, Gerald Santilli had conversations with Lebowitz about his vision for Tacony, her expected job responsibilities, and her salary and benefits.

18. Lebowitz' duties included, but were not limited to, crisis management (i.e., de-escalating violent and/or disruptive behavior of students), providing student programs (e.g., classroom lessons on bullying), and support for teachers who came from parochial schools with no public school or special education experience. Lebowitz had no supervisory or disciplinary responsibilities over any other staff member at Tacony, including Randell, and had no supervisory or disciplinary duties with regard to the movement of staff and students through the hallways between classes.

19 On or about October 14, 2009, while Lebowitz was walking down the hallway at Tacony, she observed Randell physically dragging a student down the hallway by tightly holding the student's arms over his head with the student's feet dragging on the floor.

20. Immediately thereafter, Lebowitz took the student to the school nurse and explained what happened and then went to the school office and told Redfearn-Neswick, Cruise and Rene Garner ("Garner"), the Principal of Tacony, what she had observed Randell doing with the student.

21. Lebowitz reported the actions of Randell, as above-described, to Redfearn-Neswick, Cruise and Garner because she believed that a staff member should not manhandle and physically abuse a student in the manner Randell had, she was personally concerned for the physical and emotional welfare of the student, and she

reasonably believed Randell's conduct was the type of conduct that was reportable under Pennsylvania's Child Protective Services Law.

22.     Based on information and belief, at no time following Lebowitz' report of Randell's conduct did any Defendant report Randell's actions to any governmental department or authority.  Also based on information and belief, Randell was no longer employed at Tacony as of the next day, October 15, 2009.

23.     Lebowitz was called to a meeting on October 15, 2009, attended by, among others, Garner and a lawyer representing Defendants Tacony and Santilli and Thompson.  Lebowitz believed that the meeting was to address concerns she had about signing certain personnel documents and her job responsibilities.  At this meeting, which lasted about three hours, the lawyer told Lebowitz that the Defendants did not want someone working at the school who was "going to follow the law."  During the meeting, Lebowitz felt the lawyer and other participants were trying to intimidate her, in part, because she had reported Randell's conduct.

24.     Following the meeting, Lebowitz went home sick, but called a Trustee of Tacony and told him about reporting Randell's conduct to Tacony and the meeting that had taken place earlier that day.  The Trustee told Lebowitz that he was going to call Gerald Santilli and ask him to talk to Lebowitz about what was going on.  Based upon information and belief, the Trustee did speak to Gerald Santilli.  Lebowitz also left voice-mail messages for Gerald Santilli, but he did not return her calls.

25.     In a meeting on October 20, 2009, just six days after reporting Randell's actions, during which Lebowitz thought she would be given the opportunity to discuss

her concerns, Cruise told Lebowitz that she was "not a good fit" and told her to leave the school.

26. In a meeting with Cruise the next day, October 21, 2009, Cruise urged Lebowitz to sign a "severance" agreement, but told her whether she signed it or not, her last day of employment would be October 23, 2009.

27. Based upon information, observation and belief, Cruise and Gerald Santilli, in conspiracy with each other and others at Tacony, were instrumental in the decision to terminate Lebowitz' employment and unduly influenced Tacony's Board of Trustees to approve the termination.

28. On or about October 26, 2009, Lebowitz called "Childline" and made a report of the Randell incident. Lebowitz believes, and therefore avers, that Childline contacted Tacony regarding the report.

29. On or about November 6, 2009, Lebowitz received a Notice of Termination letter dated October 30, 2009 and a memorandum of suspension dated October 30, 2009, which stated, for the first time, that the reason for Lebowitz' termination was "unsuccessful completion of a probationary period."

30. The reason given to Lebowitz for her termination was not the real reason, but rather was a pretext, the real reason being a cover-up of the wrongdoing on the part of Randell, preventing Lebowitz from reporting the Randell incident to the public and/or governmental agencies, avoiding jeopardizing a significant funding source if Tacony's non-compliance with federal or state laws came to light, and to protect themselves from potential lawsuits and civil penalties.

31.     Defendants Gerald Santilli and Santilli and Thompson, by and through their directors, officers, trustees, board members, employees and/or agents, acted in concert with, reached an agreement with, and acquiesced in the deprivation of Lebowitz' federally protected rights with Defendants Cruise and Tacony to terminate Lebowitz' employment, in furtherance of Defendants' policy, practice, and/or custom of covering up acts of wrongdoing, such as above-described, and/or retaliating against individuals who report such wrongdoing to avoid potential legal or other consequences, causing economic and emotional harm to Lebowitz.

32.     Defendants' conduct was motivated by evil motive and/or intent and/or reckless and callous indifference to Lebowitz' federally and statutorily protected rights.

## COUNT I
## 42 U.S.C. SECTION 1983
## FIRST AMENDEMENT RETALIATION CLAIM
## (All Defendants)

33.     Lebowitz incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34.     Lebowitz' report of Randell's actions was speech protected under the First Amendment to the United States Constitution.

35.     When Lebowitz reported the conduct by Randell, she was speaking as a private citizen. She did not make her report pursuant to her official job duties because her reporting Randell's actions did not relate to special knowledge or experience she acquired through her job with Tacony.

36.     Lebowitz' speech involved a matter of significant social concern to the community (the public), to wit, a teacher in a public charter school physically harming a

school student. Lebowitz' speech did not address a matter of purely private or personal concern or interest.

37. The protected speech was a substantial and/or motivating factor in Lebowitz being terminated from her employment, which was retaliatory in nature and constituted an adverse employment action and a deliberate indifference to the constitutional rights of the Lebowitz.

38. Lebowitz' interest in her protected speech outweighs any countervailing interest on the part of Defendants, collectively and/or individually, in the effective or efficient operations of their businesses and/or institutions.

39. As a result of the retaliatory acts by Defendants, Lebowitz has been denied constitutionally and statutorily protected rights and has suffered economic and emotional damages.

**WHEREFORE,** Lebowitz respectfully requests this Court enter judgment in her favor and against Defendants, jointly and/or severally, as follows:

a. For compensatory damages, including but not limited to back pay, front pay, actual damages, damages for personal humiliation, harm to reputation, pain and suffering and emotional distress and mental anguish;

b. For injunctive relief in the form of reinstatement;

c. For punitive damages (except against Defendant Tacony);

d. For the costs of suit, reasonable attorney's fees and interest;

e. For such other legal or equitable relief as this Court may deem just and proper.

**COUNT II**
**42 U.S.C. SECTION 1983**
**FIRST AMENDEMENT CONSPIRACY CLAIM**
**(Defendants Gerald L. Santilli and Stacy L. Cruise)**

40. Lebowitz incorporates by reference paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. Acting under color of state law as above-described, Defendants Gerald Santilli and Cruise conspired and planned to terminate Lebowitz' employment knowing that her termination would and did deprive Lebowitz, in furtherance of the conspiracy, of her rights, privileges and/or immunities secured by the United States Constitution.

42. From the time Lebowitz reported the Randell incident, Defendants engaged, with malice, in a conspiratorial, intentional plan (through face-to-face meetings or otherwise) to terminate Lebowitz' employment to cover-up her report of Randell's conduct, concealing and suppressing the true facts to protect themselves, in part, from potential lawsuits and/or civil penalties, to prevent Lebowitz from bringing the issue to the public and to suppress the true facts of what was going on in the school.

43. Defendants participated in the conspiratorial plan to terminate Lebowitz' employment also to avoid the possibility of losing a significant funding source and/or jeopardizing Tacony's charter if it were made known to the public or regulatory agencies that staff at Tacony was engaging in abusive behavior toward students.

44. There is a direct causal connection between Lebowitz' reporting of the Randell incident and her termination, which constituted an adverse employment action, and which was pretextual and retaliatory in nature.

45. Lebowitz' reporting of the Randell incident was a substantial and/or motivating factor in Lebowitz' termination.

46. As a result of the conspiracy by Defendants, Lebowitz has been denied constitutionally and statutorily protected rights and has suffered economic and emotional damages.

**WHEREFORE,** Lebowitz respectfully requests this Court enter judgment in her favor and against Defendants, jointly and/or severally, as follows:

- e. For compensatory damages, including but not limited to back pay, front pay, actual damages, damages for personal humiliation, harm to reputation, pain and suffering and emotional distress and mental anguish;

- f. For injunctive relief in the form of reinstatement;

- g. For punitive damages (except against Defendant Tacony);

- h. For the costs of suit, reasonable attorney's fees and interest;

- e. For such other legal or equitable relief as this Court may deem just and proper.

## COUNT III
## VIOLATION OF PENNSYLVANIA CHILD PROTECTIVE SERVICES LAW
### (23 Pa.C.S. Section 6301 *et seq.*)
### (All Defendants)

47. Lebowitz incorporates by reference paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. Lebowitz was a school employee and a mandated reporter as defined under the Child Protective Services Law, 23 Pa.C.S. Section 6301 *et seq.* ("CPSL").

49. Lebowitz made a good faith report of the conduct of Randell observed by her in the hallway of the Tacony school, which conduct, based on her professional experience and training, she had reason to suspect constituted child abuse under the CPSL because Randell's actions caused or created an imminent risk of causing a non-

accidental serious bodily injury (including but not limited to temporary pain) and/or a non-accidental serious mental injury to the student as defined under the CPSL.

50. After receiving the above-referenced report from Lebowitz, Defendants failed in their duties, responsibilities and legal obligations under the CPSL to report or cause a report to be made to a department or authority in accordance with the CPSL.

51. Lebowitz' discharge from her employment in retaliation for making a good faith report of suspected child abuse constitutes a violation of the CPSL and resulted in economic and emotional damages.

**WHEREFORE,** Lebowitz respectfully requests this Court enter judgment in her favor and against Defendants, jointly and/or severally, as follows:

a. For compensatory damages, including but not limited to back pay, front pay, actual damages, damages for personal humiliation, harm to reputation, pain and suffering and emotional distress and mental anguish;

b. For punitive damages (except against Defendant Tacony);

c. For the costs of suit, reasonable attorneys' fees and interest;

d. For such other legal or equitable relief as this Court may deem just and proper.

## COUNT IV
## VIOLATION OF PENNSYLVANIA WHISTLEBLOWER LAW
**(43 P.S. Section 1421 *et seq.*)**
**(All Defendants)**

52. Lebowitz incorporates by reference paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. At all times relevant hereto, Defendant Tacony was a public body under the Whistleblower Law because it received funds by or through the Commonwealth and/or a political subdivision authority.

54. Lebowitz was an employee under the Whistleblower Law, 43 P.S. Section 1421 *et seq.*, because she performed services for wages under a contract of hire for a public body.

55. Based upon the close nexus among all of the Defendants as above-described, Defendants Tacony and Santilli and Thompson, by and through their directors, trustees, officers, employees and/or agents, and Defendants Cruise and Gerald Santilli, were employers as defined under the Whistleblower Law because they supervised Lebowitz and/or were superiors of her supervisor and/or were agents of Tacony, a public body.

56. Lebowitz was terminated in violation of the Whistleblower Law because she made, or was about to make, a good faith report about an instance of wrongdoing, i.e., the physical mishandling by Randell of a student.

57. Lebowitz reasonably believed that the conduct of Randell constituted wrongdoing under the Whistleblower Law because it was a violation of a state statute or regulation, and/or a political subdivision ordinance or regulation, and/or a code of conduct or ethics designed to protect the interests of the public, in this case, designed to protect the safety and welfare of school children, including, but not limited to, the CPSL and state school laws.

58. Lebowitz' report was not about an internal policy, nor was it merely technical or minimal in nature. To the contrary, the report was of conduct of the type that Defendants are charged to enforce for the good of the public and that presented substantial and significant danger to a student who was under the care and supervision of Defendants.

59.     Lebowitz did not make the report of Randell's actions with malice or for personal gain.

60.     Lebowitz' discharge from her employment in retaliation for making a good faith report of suspected child abuse under the CPSL constitutes a violation of the Whistleblower Act.

61.     As a result of the retaliatory acts by the Defendants, Lebowitz has suffered economic and emotional damages.

**WHEREFORE,** Lebowitz respectfully requests this Court enter judgment in her favor and against Defendants, jointly and/or severally, as follows:

a.  For compensatory damages, including but not limited to back pay, front pay, actual damages, damages for personal humiliation, harm to reputation, pain and suffering and emotional distress and mental anguish;

b.  For the costs of suit, reasonable attorneys' fees and interest;

c.  For applicable civil fines under the Whistleblower Law;

d.  For such other legal or equitable relied as this Court may deem just and proper.

**COUNT V**
**COMMON LAW CIVIL CONSPIRACY**
**(Defendants Gerald L. Santilli and Stacy L. Cruise)**

62.     Lebowitz incorporates by reference paragraphs 1 through 61 of this Complaint as though fully set forth herein as though fully set forth herein.

63.     Throughout her employment with Tacony, Lebowitz had discussions with Defendants Gerald Santilli and Cruise, Santilli & Thompson and Tacony's lawyer and others at Tacony about legal compliance issues, including but not limited to compliance with the federal Individuals with Disabilities Education Act ("IDEA") and the

qualifications, or lack thereof, of certain staff hired to work with special education students.

64. Lebowitz consistently told Defendants and others at Tacony that she would seek to ensure compliance with all federal, state and local laws, requirements and rules pertaining to the school and to the students, despite being told that such a person was not wanted at the school.

65. Because of Lebowitz raising concerns about Tacony's legal compliance and her reporting of the Randell incident, Defendants joined together (in face-to-face meetings, or otherwise) with a common purpose to terminate Lebowitz' employment to prevent her from bringing her compliance concerns and the Randell incident in front of the public and/or the SRC and/or any other regulatory agency and to suppress the true facts of what was going on in the school.

66. Defendants acted with malice and evil motive and an intent to injure Lebowitz without legal justification, knowing that Lebowitz was concerned about Tacony being in compliance with all applicable laws and regulations governing charter schools, including the School Charter Law which requires charter schools to submit an annual report by August 1 of each year to the School District of Philadelphia, as authorizer, and the School District of Philadelphia to prepare an annual assessment for each charter school. An unfavorable assessment by the School District of Philadelphia and/or the SRC could jeopardize Tacony's charter renewal and funding.

67. Defendants' acts, which were done with malice in pursuance of a common purpose or design, i.e., to cover-up Tacony's non-compliance with federal, state and local

laws and to prevent its charter from being jeopardized, resulted in legal damages to the Lebowitz.

**WHEREFORE,** Lebowitz respectfully requests this Court enter judgment in her favor and against Defendants, jointly and/or severally, as follows:

a. For compensatory damages, including but not limited to back pay, front pay, actual damages, damages for personal humiliation, harm to reputation, pain and suffering and emotional distress and mental anguish;

b. For punitive damages (except against Defendant Tacony);

c. For the costs of suit, reasonable attorneys' fees and interest;

d. For such other legal or equitable relief as this Court may deem just and proper.

ZARWIN, BAUM, DeVITO, KAPLAN,
SCHAER & TODDY, P.C.

/s/
By: Jill Fisher, Esquire
By: David F. McComb, Esquire

1818 Market Street, 13th Floor
Philadelphia, PA  19103
Ph: (215) 569-2800
Fx: (215) 569-1606
*Attorneys for Plaintiff Hillary Lebowitz*

Date:  August 9, 2010