26/1553374.v1

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILLARY LEBOWITZ | : Civil Action No: 10-00233 |
| | : |
| v. | : |
| | : |
| TACONY ACADEMY CHARTER SCHOOL, | : |
| SANTILLI & THOMPSON, LLC, GERALD L. | : |
| SANTILLI AND STACEY L. CRUISE | : |


## ORDER

AND NOW, this        day of                , 2010, upon consideration of Defendants

Tacony Academy Charter School and Stacey L. Cruise's Partial Motion to Dismiss pursuant to

Fed. R. Civ. P. 12(b)(6) and any Response and Reply thereto, it is hereby **ORDERED** and

**DECREED** that Defendants' Motion is **GRANTED** and Counts I, II, III and V of the Amended

Complaint are **DISMISSED** with prejudice.


BY THE COURT:


_____
                                                                                    J.

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** John P. Gonzales, Esquire
    ID#  71265
620 Freedom Business Center, Suite 300
King of Prussia, PA   19406
(610) 354-8282

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILLARY LEBOWITZ | :  Civil Action No: 10-00233 |
| | : |
| v. | : |
| | : |
| TACONY ACADEMY CHARTER SCHOOL, | : |
| SANTILLI & THOMPSON, LLC, GERALD L. | : |
| SANTILLI AND STACEY L. CRUISE | : |

### DEFENDANTS TACONY ACADEMY CHARTER SCHOOL AND STACEY CRUISE'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS

Defendants, Tacony Academy Charter School and Stacey L. Cruise, by and through their undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin, and John P. Gonzales, Esquire, file this Reply to Plaintiff's Response to Defendants' Partial Motion to Dismiss the Amended Complaint and aver:

## I.    BACKGROUND

Defendants hereby incorporate the background set forth in Defendants' original Motion to Dismiss the Amended Complaint, Document No. 25.

## II.    ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT

Defendants hereby incorporate the allegations set forth in Defendants' original Motion to Dismiss the Amended Complaint.

III.     **STANDARD OF REVIEW**

Defendants hereby incorporate the standard of review set forth in Defendants' original

Motion to Dismiss the Amended Complaint.


IV.     **ARGUMENT**

A.     **Plaintiff Cannot Proceed on a Claim that She Spoke As Both an Employee and a Citizen**

As set forth at length in Defendants' Motion to Dismiss the Amended Complaint,

Plaintiff's "speech" regarding the incident of October 14, 2009 was made as part of her official

duties as a school employee and a mandated reporter under the CPSL.[1]

Plaintiff argues that she was speaking both as a private citizen and an employee when she

complained about the alleged conduct of B.R.  Plaintiff admits that she reported the conduct as a

mandated reporter under the CPSL, but she also alleges that she was speaking as a private citizen

because "she believed the staff member's actions were wholly inappropriate and harmful and was

personally concerned for the welfare of the child."  (Amended Compl., ¶21).  Plaintiff argues

that, in that regard, Plaintiff "was no different from any like-minded person who may have found

themselves walking down the hallway, such as a school janitor or cafeteria worker, and like

Lebowitz, would have had no official responsibilities to take charge of the staff member

---

[1] See e.g. Eugenio v. Walder, 2009 U.S. Dist. LEXIS 56450  (S.D. NY 2009)(holding that a teacher's report of child abuse is not constitutionally protected under the First Amendment where the report is mandated by district policy and state law); Pearson v. Bd. of Educ., City of N.Y., 499 F. Supp. 2d 575, 589 (S.D.N.Y. 2007) (teacher's complaints regarding assistant principal's sexual misconduct toward female students not constitutionally protected because it was made pursuant to official duties); Barclay v. Michalsky, 493 F. Supp. 2d 269, 275 (D. Conn. 2007) (nurse's reports of staff sleeping on job and using excessive restraints on patients not constitutionally protected because reports were made pursuant to official duties, even where supervisor discouraged such reports); Pagani v. Meriden Bd. of Educ., No. 05-CV-1115, 2006 U.S. Dist. LEXIS 92267, at *9-12 (D. Conn. Dec. 19, 2006) (teacher's report of child abuse not constitutionally protected where mandated by district policy and state law).

engaging in the misconduct, but yet felt it prudent to alert school officials of the staff member's actions." (Pl's Response, Document No. 27, p. 5-6).

Plaintiff cannot have it both ways.  The purpose of the <u>Garcetti</u> "official duties" test is to distinguish, as a matter of law, between speech made as an employee and speech made as private citizen that garners First Amendment protection.  "[S]tatements made pursuant to a public employee's official duties are not made 'as a citizen.'" <u>Myers v. County of Somerset</u>, 293 Fed. Appx. 915, 918 (3d Cir. 2008)(Unpub.); citing <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 241 (3d Cir. 2006).  If a plaintiff could proceed on a theory that the same speech was made both as an employee and a citizen, this would eliminate the purpose and effect of the <u>Garcetti</u> "official duties" test.

Plaintiff's reliance on <u>Deluzio v. Monroe County</u>, 271 Fed.Appx. 193 (3d Cir. 2008), is misplaced.  In <u>Deluzio</u>, the Court held that DeLuzio's speech was protected by the First Amendment because DeLuzio "did not have professional responsibility, or 'official duties,' over any of the topics covered in his memos." <u>Id.</u> at 196.  The supervisors' problems with the plaintiff "stemmed precisely from his frequent and unwelcome comments on matters that the supervisors felt were not within DeLuzio's purview…" <u>Id.</u>  In the instant action, Plaintiff Hillary Lebowitz had a professional responsibility and duty, by statute under the CPSL, to report the conduct she observed on October 14, 2009 if she felt it was reportable under the CPSL.  As such, she clearly acted pursuant to her official duties when she made the internal and the alleged external report regarding B.R.'s conduct.

Contrary to the arguments in Plaintiff's response, the plaintiffs in the cases cited by Defendants, including <u>Armbruster</u>, <u>Maule</u>, and <u>Brown</u>, attempted to argue that they were speaking as private citizens, as this is a required element of a First Amendment retaliation claim.

However, the court in those cases found that the speech was made pursuant to the plaintiffs' official duties, rather than as citizens. The court did not allow the plaintiffs to proceed with the First Amendment claims on the basis that they were speaking as both employees and private citizens.

In Armbruster, the court cited the allegation in the Complaint that "Corp[oral] Armbruster did not have an employment duty that required him to inform the Chief of the unconstitutionality of the situation, but instead he spoke as any other citizen concerning a matter of public concern, the violation of demonstrator's rights under the First Amendment." Armbruster v. Cavanaugh, 2010 U.S. Dist. LEXIS 22288, *6, n. 2 (E.D. Pa. 2010). However, the Court found that the challenged activity fell squarely within Armbruster's police duties. Id. at *11-12. Armbruster was present at the demonstration because he was "on the job." Armbruster's speech was made to the superior who was directing Armbruster's official duties, not to any private citizen or in any public context related to the demonstrations. Id. Lastly, the speech was made pursuant to his official duties as it was made with the benefit of what he perceived to be knowledge and experience acquired through law enforcement. Id. at *12. Plaintiff Lebowitz's report was regarding conduct she observed while she was working at the school and, based on her "professional experience and training," she believed that the conduct was reportable under the CPSL. As such, and as a school employee and mandated reporter, she reported B.R.'s conduct to school officials and allegedly to ChildLine. It is clear that Plaintiff was speaking pursuant to her official duties.

In Brown v. Montgomery County, 2010 U.S. Dist. LEXIS 19094 (E.D. Pa. 2010), Plaintiff Shaun Brown asserted that he made internal and external reports regarding alleged defects in the Computer Aided Dispatch System ("CAD"). Brown alleged his speech was

protected by the First Amendment and asserted that he "told his superiors he believed deficiencies in the new CAD system posed a risk to the safety and health of Montgomery County residents, in contravention of federal and state emergency management regulations." Id. at *2-3. The court in Brown noted that "[a] public employee's statements made 'pursuant to [his] official duties' do not qualify as speech made in his capacity as a citizen, and thus are not protected speech." Id. at *7, citing Garcetti, 547 U.S. at 421.  The Court noted that Plaintiff's job was to ensure appropriate response to 911 calls and his familiarity with and the regular use of the CAD system created a duty to report problems regarding the system. Brown, 2010 U.S. Dist. LEXIS 19094 at *10.  In addition, the Court held that statements to regulatory authorities, government officials, and the news media were also made pursuant to Brown's job duties because: "[a] claimant's speech might be considered part of his official duties if it relates to 'special knowledge' or 'experience' acquired through his job." Id. at *9-11; citing Gorum v. Sessoms, 561 F.3d 179,185 (3d Cir. 2009), Kougher v. Burd, 274 Fed. Appx. 197 (3d Cir. 2008).  In the instant matter, the duty to report B.R.'s conduct arose by statute, due to Plaintiff's employment with the school.  As such, Plaintiff had a duty as a school employee to make the report and she was speaking as an employee, rather than as a citizen, when she made internal and alleged external report regarding B.R.'s conduct.

In Maule v. Susquehanna Reg'l Police Comm'n, 2007 U.S. Dist. LEXIS 73065 (E.D. Pa. 2009), the Court held that the plaintiff's speech was pursuant to his official duties as the Police Chief because plaintiff considered his referral of the matter at issue to the Pennsylvania State Police to be a part of his official duties. Id. at *39-40.  As noted above, it was Plaintiff Hillary Lebowitz's duty under the CPSL, as a school employee, to report B.R.'s conduct if she felt it

constituted child abuse.  As such, her speech was made pursuant to her official duties, not as a private citizen.

In the instant matter, it is clear that Plaintiff's alleged reports regarding B.R. were made pursuant to her official job duties as a school employee, a social worker, and a mandated reporter under the CPSL.  Plaintiff's Amended Complaint makes it clear that she believed her duties as a school employee mandated that she report the incident involving B.R. and, therefore, plaintiff was not speaking as a citizen when she allegedly made this report. As such, the First Amendment claim fails and must be dismissed.

### B.      Plaintiff's Allegations Of Conspiracy Fail Under 42 U.S.C. §1983

Defendants incorporate the arguments set forth in the Motion to Dismiss the Amended Complaint.  Plaintiff raises no arguments in the Response that would prevent dismissal of the federal conspiracy claim.  It is clear that Plaintiff has failed to state a viable claim under the First Amendment.   As such, she cannot proceed with a §1983 claim where there has been no underlying constitutional violation.   In order to prevail under a §1983 conspiracy claim, the plaintiff must prove that persons acting under color of state law conspired to deprive her of a federally protected right, as it has been clearly established that "Section 1983 does not create a cause of action per se for a conspiracy to deprive one of a constitutional right.  Without actual deprivation, there can be no liability under Section 1983." Banks v. Gallagher, 686 F. Supp. 2d. 499 (quoting Garner v. Twp. of Wrightstown, 819 F. Supp. 435, 445 n.7 (E.D. Pa. 1993)). Moreover, as set forth in Defendants' Motion to Dismiss, the conclusory allegations fail to pass muster under Twombly and Iqbal.

**C.**     **Plaintiff's Claim Under the Child Services Protective Law Must Be Dismissed as Plaintiff was Terminated Prior to Making the Report to ChildLine**

Plaintiff's Response regarding the CPSL claim misses the point of Defendants' argument in the Motion to Dismiss.  The CPSL requires an <u>external</u> report and prohibits retaliation against the reporter for making the external report.  Under the CPSL, persons required to report under section 6311 are required to report the alleged child abuse immediately by telephone to the department or the appropriate county agency and in writing within 48 hours after the oral report. 23 Pa.C.S. § 6313.  The CPSL includes a private cause of action for persons who are terminated or discriminated against after making a mandated external report.  The statute states as follows:

> (d) Any person who, under this section, is required to report or cause a report of suspected child abuse to be made and <u>who, in good faith, makes or causes the report to be made and, as a result thereof, is discharged from his employment</u> or in any other manner is discriminated against with respect to compensation, hire, tenure, terms, conditions or privileges of employment, may commence an action in the court of common pleas of the county in which the alleged unlawful discharge or discrimination occurred for appropriate relief.

23 Pa.C.S. § 6311 (emphasis added).

In this case, Plaintiff alleges that she made the mandated external report to ChildLine <u>after</u> she was notified of her impending termination.   According to the Amended Complaint, on October 21, 2009, Plaintiff was told that her last day of employment would be October 23, 2009. (Amended Compl. ¶26).  Plaintiff alleges that on October 26, 2009, she called ChildLine and made a report of the incident of October 14, 2009. (Exhibit "A," ¶28).  As such, this alleged external report could not have served as the basis for her termination.  Therefore, Plaintiff has no viable claim under the CPSL and Count III should be dismissed.

WHEREFORE, Defendants, respectfully request this Honorable Court grant their Motion

to Dismiss the Amended Complaint and dismiss Counts I, II, III and V with prejudice.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY:   s/John P. Gonzales
      JOHN P. GONZALES, ESQUIRE
      ID#  PA71265
      620 Freedom Business Center, Suite 300
      King of Prussia, PA 19406
      (610) 354-8264 Fax (610) 354-8299
      Email:  jpgonzales@mdwcg.com
      Attorney for Defendants, TACS and Stacey L.
      Cruise

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
    ID#  45723
**BY:** John P. Gonzales, Esquire
    ID#  71265
620 Freedom Business Center, Suite 300
King of Prussia, PA   19406
(610) 354-8282

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILLARY LEBOWITZ | :   Civil Action No: 10-00233 |
| | : |
| v. | : |
| | : |
| TACONY ACADEMY CHARTER SCHOOL, | : |
| SANTILLI & THOMPSON, LLC, GERALD L. | : |
| SANTILLI AND STACEY L. CRUISE | : |

### CERTIFICATE OF SERVICE

    I, JOHN P. GONZALES, ESQUIRE, do hereby certify that a true and correct copy of Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss the Amended Complaint was electronically filed with the Court on September 14, 2010 and is available for viewing and downloading from the ECF System. All counsel of record was served via electronic notification.

                                      **MARSHALL, DENNEHEY, WARNER,**
                                      **COLEMAN & GOGGIN**

                      BY:    s/John P. Gonzales
                                  JOHN P. GONZALES, ESQUIRE
                                  ID#  PA71265
                                  620 Freedom Business Center, Suite 300
                                  King of Prussia, PA 19406
                                  (610) 354-8264 Fax (610) 354-8299
                                  Email:  jpgonzales@mdwcg.com
                                  Attorney for Defendants TACS and Stacey L. Cruise